AO 472  (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
_____Miguel Estrada-Valencia_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR06-15-KAJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
      _____*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence: In light of the detainer issued by ICE, defendant did not oppose the government's motion for detention, but reserved his right for further review of the court's detention order which was granted.  The evidence against defendant is strong since it shows that he was previously deported and returned without permission.  Defendant has a prior conviction for assault against his then girlfriend who was pregnant at the time of the incident.  Previously, a capias had been issued for defendant in December 2004 in Court of Common Pleas for failure to appear to answer motor vehicle charges, which capias is still outstanding.  Further defendant has pending a slew of other criminal matters in state court (arrested June 2004) including possession of a deadly weapon by a person prohibited and receiving a stolen firearm..  For the reasons contained herein, the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

FILED
FEB 28 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

2/28/06
_____
Date

_____
*Signature of Judicial Officer*

Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).